UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAFAEL ORTIZ,

                Plaintiff,

      v.

C.O. R. CIMINELLI, et al.,

                Defendants.

No. 19-CV-3571 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff Rafael Ortiz ("Plaintiff"), proceeding pro se, brings this Action pursuant to 42 U.S.C. § 1983 against Defendants Correction Officer ("C.O.") R. Ciminelli ("Ciminelli"), Sgt. R. Nelson ("Nelson"), C.O O. Wise ("Wise"), and C.O. J. Lopez Castillo ("Castillo") (collectively, "Defendants"), alleging violations of his constitutional rights under the Eighth and Fourteenth Amendments based on incidents that took place at the Fishkill Correctional Facility ("Fishkill") on March 31, 2019. (See Compl. (Dkt. No. 2); Am. Compl. (Dkt. No. 19); SAC (Dkt. No. 39).) Before the Court is Defendants' Motion to Dismiss (the "Motion"). (Dkt. No. 42.) For the following reasons, the Motion is denied without prejudice.

## I. Background

    On April 22, 2019, Plaintiff filed his initial Complaint. (See Compl.)[1] In this Complaint, Plaintiff alleges that several corrections officers at Fishkill assaulted him on the afternoon of March 31, 2019. (Compl. at 3.) In particular, Plaintiff alleges that after he engaged in an argument with Ciminelli, Ciminelli "spray[ed] [Plaintiff] in the eyes at a very close range." (Id.) Plaintiff further alleges that Wise "jump[ed] on top of [Plaintiff]" and punched him several

---

[1] The same day, Plaintiff applied to proceed in forma pauperis ("IFP"). (Dkt. No. 1.) The Court granted Plaintiff IFP status on June 24, 2019. (Dkt. No. 11.)

times; that Nelson "grab[bed]" Plaintiff by the neck "with a very tight grip" for 10-18 seconds; and that Castillo "yank[ed]" Plaintiff "very hard off the floor while [Plaintiff] was handcuffed, dislocating his shoulder. (*Id.* at 4.)

On July 19, 2019, Plaintiff filed an Amended Complaint, again naming Ciminielli, Wise, Castillo, and Nelson as Defendants. (*See* Am. Compl. at 2.) The Amended Complaint contains substantially similar allegations to those in the initial Complaint, except that that the Amended Complaint contains additional allegations against Castillo. In particular, Plaintiff alleges that when he was taken to the Special Housing Unit, he "was decontaminated in extremely hot water," and that Castillo "put [Plaintiff's] head under the hot water causing [his] head to burn and [his] pores to open up." (Am. Compl. at 5.)

On September 6, 2019, Plaintiff wrote to the Court complaining about the actions of two additional individuals, a "Nurse Freeman" and a sergeant who took pictures of Plaintiff's injuries in the aftermath of the March 31, 2019 incident. (*See* Dkt. No. 37.) On September 13, 2019, the Court instructed Plaintiff to file a Second Amended Complaint "including these and any other allegations." (Dkt. No. 38.)

On October 1, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). (Dkt. No. 39.) The SAC again names Ciminelli, Wise, Castillo, and Nelson as Defendants, but omits many of the allegations included in the earlier two complaints. (*See generally* SAC.) While the SAC repeats Plaintiff's earlier allegations concerning the "extremely very [sic] hot water," (*id.* at 6), and that Nelson used "excessive force" causing neck redness, (*id.* at 9), the SAC does not repeat the underlying allegations against Ciminelli and Wise, or the prior detailed allegations regarding

2

Castillo's and Nelson's conduct. Instead, the SAC adds allegations about non-parties, alleging that Nurse Freeman acted unprofessionally, and that an unidentified sergeant did not properly photograph Plaintiff's body parts or document his injuries. (*See id.* at 7–9.)

On November 15, 2019, Defendants filed the instant Motion To Dismiss and accompanying papers. (*See* Not. of Mot.; Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") (Dkt. No. 43).) In their arguments, however, Defendants rely entirely on Plaintiff's SAC, and do not address any of the allegations contained in his prior pleadings. (*See generally* Defs.' Mem.) On December 10, 2019, Plaintiff wrote to the Court arguing that the Motion should be denied, explaining that his "true intentions [in filing the SAC] were only to add allegations to the original Complaint." (*See* Dkt. No. 44.)

## II. Discussion

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and quotation marks omitted). However, when the complaint is drafted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of*

3

*Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents either in [the] plaintiff[']s possession or of which [the] plaintiff[ ] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted). Accordingly, when a pro se plaintiff files "an incomplete" amended complaint, courts may, given "the solicitude due a *pro se* litigant," treat prior complaints as "incorporated" into the operative complaint. *See Zheng v. Gen. Elec. Co.*, No. 15-CV-1232, 2016 WL 2636297, at *2 (N.D.N.Y. May 9, 2016); *see also Smith v. Dinoia*, No. 19-CV-4471, 2020 WL 1189492, at *1 n.2 (S.D.N.Y. Mar. 12, 2020) ("[T]he Court uses the Amended Complaint to inform its understanding of the alleged facts. Nevertheless, given the wide latitude the Court is bound to give to pro se plaintiffs, where it appears that Plaintiff inadvertently omitted facts or individuals mentioned in the Complaint, the Court will use the Complaint to fill in the gaps.").

Here, in light of Plaintiff's pro se status, the relative brevity of Plaintiff's pleadings, and Plaintiff's clear intention to incorporate his earlier complaints into his SAC, the Court exercises its discretion to consider Plaintiff's three complaints as a whole.[2] In light of this, Defendants' argument that the SAC lacks sufficient allegations of their personal involvement clearly fails.

Plaintiff alleges that Ciminelli "spray[ed] [Plaintiff] in the eyes at a very close range" and caused him to experience "a big burning in the eyes." (Compl. at 3; *see also* Am. Compl. at 6.) Similarly, Plaintiff alleges that Wise "jump[ed] on top of [Plaintiff] while [he] was already on handcuffs," "punch[ed] [him] in the right side of [his] ear approximately 5 times," and punched "the right side of [his] lower lip causing bleeding and bruising and a cut gum." (Am. Compl. at 6; *see also* Compl. at 4.) Likewise, Plaintiff alleges that Nelson "grab[bed] [Plaintiff] by [his]

---

[2] The Court also notes that, in light of the cursory nature of Defendants' Motion papers, any inconvenience to Defendants from denial of their Motion without prejudice is minimal.

neck on the left side with a very tight grip and h[eld him] there for about 10-18 seconds." (Compl. at 4; *see also* Am. Compl. at 6.) And finally, Plaintiff alleges that Castillo "yank[ed] Plaintiff "very hard off the floor" while Plaintiff was handcuffed from behind, causing a shoulder dislocation, (Compl. at 4), and that Castillo "put [Plaintiff's] head under the hot water," causing his "head to burn and [his] pores to open up." (Am. Compl. at 5.) These allegations, which Defendants do not address in their Motion, are sufficient to plausibly allege that each defendant "participated directly" in an alleged excessive use of force against Plaintiff. *Grullon v. City of New Haven*, 720 F. 3d 133, 139 (2d Cir. 2013).

### III. Conclusion

Accordingly, Defendants' Motion To Dismiss is denied without prejudice. Defendants may seek the permission of the Court to file a new Motion To Dismiss, but if they do so, Defendants should consider Plaintiff's initial Complaint and Amended Complaint as incorporated into Plaintiff's Second Amended Complaint. Defendants should inform the Court whether they intend to file, and explain the basis for, such a Motion by June 22, 2020.

Additionally, the Court warns Plaintiff that its discretionary decision to consider his earlier complaints will not be repeated. If Plaintiff obtains the Court's permission to file any future amended complaints, such amended complaints must replace, and will not be considered as supplementing, prior pleadings.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff's address.

SO ORDERED.

DATED: June 11, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE