UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ORTIZ,

                         Plaintiff,

   -v-

CORRECITON OFFICER R. CIMINELLI, *et al*.,

                        Defendants.

No. 19-CV-3571 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

    On July 8, 2021, Plaintiff filed a motion for discovery. (Dkt. No. 65.) On October 19, 2021, the Court directed Defendants to respond. (Dkt. No. 66.) Defendants responded via a letter to the Court on October 25, 2021, asking that the motion "be denied for mootness because the following . . . discovery was mailed to Plaintiff at the address on the docket via UPS[:]" "Defendants' Initial Disclosures", "Defendants' 33.2 [D]isclosure with [E]xhibits", "Defendants' Notice of Deposition", and "Defendants' Interrogatories and Demand for Documents." (Dkt. No. 67.) On October 26, 2021, the Court directed Plaintiff to file a letter by November 4, 2021, explaining why his discovery motion should not be dismissed for mootness, and directed Defendants to mail a copy of the memo endorsement to Plaintiff. (Dkt. No. 69.) On November 5, 2021, Defendants filed a letter informing the Court that "UPS returned the [discovery] items to this Office on 11/3[/21] because the address is not correct and not deliverable [because] the street number is incorrect. The items were sent under tracking number 1Z 0E9 949 1017 8573 to

Rafael Ortiz 1727 E. 172nd Street Apt. 1 Bronx NY 10472; which is the same address on the docket."[1] (Dkt. No. 71.) Also on November 5, 2021, the Court ordered Plaintiff "to provide a current mailing address to the Court and to opposing counsel," and warned Plaintiff that "[f]ailure to keep the Court updated with this address could result in dismissal of Plaintiff's case." (Dkt. No. 72.) The Court has not heard from Plaintiff since July 8, 2021. (*See* Dkt.)

On November 17, 2021, the Court issued an Order directing Plaintiff to show cause, by no later than 30 days from the date of the Order, as to why this case should not be dismissed for failure to prosecute. (Order to Show Cause (Dkt. No. 72).) A copy of the Order was sent to Plaintiff. (*See* Dkt. No. 74.) To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court. Accordingly, the Court dismisses the Action for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute. See Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme

---

[1] This is also the same address that Plaintiff listed on his July 8, 2021 discovery motion. (Dkt. No. 65.)

situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 73 ("The Court will dismiss this case without further notice in the event that good cause is not shown."). The Court's Order to Show Cause, mailed to Plaintiff on December 21, 2021, indicated that Plaintiff's failure to show cause within 30 days would result in the Court dismissing the case with prejudice without further notice. (Dkt. No. 73.) Nonetheless, Plaintiff has not provided the Court with an updated address, nor has Plaintiff has not communicated with the Court regarding this Action since July 8, 2021. (*See* Dkt. No. 65.)

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See,*

3

*e.g.*, *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   January 24, 2022
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4